TODD C. BANK, ATTORNEY AT LAW, P.C.
119-40 Union Turnpike, Fourth Floor
Kew Gardens, New York  11415
Telephone: (718) 520-7125
Facsimile: (856) 997-9193

www.toddbanklaw.com                                                                    tbank@toddbanklaw.com

June 8, 2017

United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201
Attn: Magistrate Judge Steven L. Tiscione

     **Re:**  **McCabe v. Lifetime Entertainment Services, LLC**
        **Case 1:17-cv-00908-ERK-ST**

Dear Judge Tiscione:

  I represent the plaintiff, Kevin McCabe, in the above-referenced matter, and submit this letter regarding Rule II(B) of the Individual Practice Rules of Magistrate Judge Steven L. Tiscione.

  Subsection 1 of the above-referenced rule requires that, "[a]t least fourteen (14) days prior to the settlement conference [(which has been scheduled for June 22, *see* Dkt. No. 9)], plaintiff's counsel shall submit a written itemization of damages and settlement demand to defendant's counsel with a brief explanation of why such a settlement is appropriate," and that, "[n]o later than seven (7) days prior to the settlement conference, defendant's counsel shall submit a written offer to plaintiff's counsel with a brief explanation of why such a settlement is appropriate."

  Subsection 2 of the rule requires that, "[a]t least three days before the settlement conference, each party shall file a 1-3 page settlement[-]position statement *ex parte* via ECF," and that "[t]hese statements must specify the terms on which the party is willing to settle the case, whether those terms are negotiable, and an explanation of that position[,] [and] must have attached to [them] the party's communicated demand or offer, as prescribed in [Subsection 1]."

  Forcing parties to engage in settlement discussions, whether or not such discussions are shared with the Court, does not fall within "[t]he judicial Power of the United States," U.S. Const., Art. III, § 1, as the "'[j]udicial [P]ower ... is the power of a court to *decide* and pronounce a *judgment* and carry it into effect between persons and parties who bring a case before it for *decision*.'" *Muskrat v. United States*, 219 U.S. 346, 355 (1911), quoting Justice Samuel Freeman Miller, *Lectures on the Constitution of the United States*, p.314 (Banks & Bros. 1891) (emphases added). Thus, the judicial Power is the authority to adjudicate legal disputes and thereupon issue a judgment; it does not include forcing parties, whether privately or before a court, to engage in settlement discussions (which, if fruitful, would enable a court to *avoid* having to exercise judicial Power).

Magistrate Judge Steven L. Tiscione          *McCabe v. Lifetime Entertainment Services, LLC*
June 8, 2017          Case 1:17-cv-00908-ERK-ST
-page 2-

      Even aside from the issue of Constitutionality, Rule 16 of the Federal Rules of Civil Procedure, which does encompass matters concerning the possibility of settlement, *see* Fed. Rs. Civ. P. 16(a)(5), 16(c)(1), 16(c)(2)(I), and 16(f)(2), does not authorize the Court to force parties to engage in settlement discussions. As the Second Circuit has explained:

> Rule 16 . . . *was not designed as a means for clubbing the parties-or one of them-into an involuntary compromise.* Although subsection (c)(7) of Rule 16 [(which provided that "[t]he participants at any conference under this rule *may* consider and take action with respect to . . . the *possibility of settlement* or the use of extrajudicial procedures to resolve the dispute.")], added in the 1983 amendments of the Rule, was designed to *encourage* pretrial settlement discussions, it was *not its purpose to "impose settlement negotiations on unwilling litigants." See Advisory Committee Note*, 1983, 97 F.R.D. 205, 210.

*Kothe v. Smith*, 771 F.2d 667, 669 (2d Cir. 1985) (emphasis added; citations omitted). Similarly, the Seventh Circuit explained that parties may not be forced to engage in settlement negotiations:

> The drafters of Rule 16 certainly intended to provide, in the pretrial conference, "a neutral forum" for discussing the matter of settlement. Fed.R.Civ.P. 16 advisory committee's note. However, it is also clear that they did not foresee that the conference would be used "to impose settlement negotiations on unwilling litigants...." *Id.*; *see also* 6 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1525 (Supp.1987) ("As the Advisory Committee Note indicates, this new subdivision [(*i.e.*, Rule 16(c)(7) and (11), the latter of which stated: '[t]he participants at any conference under this rule *may* consider and take action with respect to....(11) such other matters as may aid in the disposition of the action.')] *does not force unwilling parties into settlement negotiations*."). While the drafters intended that the trial judge "*explor[e]* the use of procedures other than litigation to resolve the dispute,"-including "*urging* the litigants to employ adjudicatory techniques outside the courthouse,"-they clearly did not intend to *require* the parties to take part in such activities. Fed.R.Civ.P. 16 advisory committee's note ([last three] emphas[e]s supplied). As the Second Circuit, commenting on the 1983 version of Rule 16, wrote: "Rule 16 ... was not designed as a means for clubbing the parties-or one of them-into an involuntary compromise." *Kothe v. Smith*, 771 F.2d 667, 669 (2d Cir.1985).

*Strandell v. Jackson County*, 838 F.2d 884, 887 (7th Cir. 1988) (emphases added).

Magistrate Judge Steven L. Tiscione  *McCabe v. Lifetime Entertainment Services, LLC*
June 8, 2017  Case 1:17-cv-00908-ERK-ST
-page 3-

More recently, a court observed:

> Rule 16 expressly identifies settlement as a matter on which the court "[a]t any pretrial conference...may consider and take appropriate action," Fed. R. Civ. P. 16(c)(2)(I). The Advisory Committee Notes to the 1983 Amendment to Rule 16 ("1983 Notes") observe that it is *not the purpose of the rule "to impose settlement negotiations on unwilling litigants"* and that the "rule does not make settlement conferences mandatory because they would be a waste of time in many instances." "Rule 16...permits the imposition of sanctions where a party's failure to disclose its true settlement posture to the court in a timely fashion leads to unnecessary scheduling of settlement conferences and proceedings." *Adams v. Corrections Corp. of America*, No. 1:10-CV-259, 2011 WL 4974198, *3 (M.D. Pa. Oct. 19, 2011). *"[W]here a party's conduct consists of simply adopting a fixed, inflexible position in settlement talks, and that fixed position is timely communicated to others, sanctions are not appropriate."* Id. However, "Rule 16 demands candor of the parties in this setting. It requires timely, fulsome[,] and candid communication from parties, communications and candor which are essential to avoid unnecessary scheduling and pointless preparation for the parties and the court." *Id.*

*Koehn v. Tobias*, No. 12-cv- 50321, 2016 WL 4436131, *2 (N.D. Ill. Aug. 23, 2016) (emphases added).

Finally, a party should not be forced to bear the risk that a judge's views of the party's settlement position, *e.g.*, unreasonable, indicative of a lack of confidence in a claim or defense, etc., will affect the judge's duty to remain impartial during future stages of the litigation; nor should a party have to even wonder whether such a duty has been met, for "what matters is not the reality of bias or prejudice but its appearance." *ISC Holding AG v. Nobel Biocare Finance AG*, 688 F.3d 98, 107 (2d Cir. 2012) (citation and quotation marks omitted) (discussing recusal under 28 U.S.C. § 455(a), which states that "'[a]ny ... judge ... of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.'" *Id.*).

In conclusion, Mr. McCabe and I will continue to adhere to the right of a party to engage in settlement discussions voluntarily and privately.

Sincerely,

s/ *Todd C. Bank*

Todd C. Bank

TCB/bd