UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEVIN McCABE, Individually and on Behalf of All Others Similarly Situated,<br><br>               *Plaintiff*,<br><br>          -against-<br><br>LIFETIME ENTERTAINMENT SERVICES, LLC,<br><br>               *Defendant*. | 1:17-cv-00908-ERK-ST |

**PLAINTIFF'S MEMORANDUM OF LAW OF PLAINTIFF'S
MOTION FOR SANCTIONS AGAINST DEFENDANT'S COUNSEL**

TODD C. BANK,
 ATTORNEY AT LAW, P.C.
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York  11415
(718) 520-7125

*Counsel to Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEVIN McCABE, Individually and on Behalf of All Others Similarly Situated,<br><br>         *Plaintiff*,<br><br>    -against-<br><br>LIFETIME ENTERTAINMENT SERVICES, LLC,<br><br>         *Defendant*. | 1:17-cv-00908-ERK-ST |

## INTRODUCTION

Plaintiff, Kevin McCabe ("McCabe"), by the undersigned counsel, submits this memorandum of law in support of McCabe's motion for sanctions against counsel to Defendant, Lifetime Entertainment Services, LLC ("Lifetime"), pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927.

Pursuant to Rule 11(c)(2), this motion will be filed more than 21 days after it has been served.

## ARGUMENT

### POINT I

### DEFENDANT'S COUNSEL SHOULD BE SANCTIONED FOR MAKING A FRIVOLOUS REQUEST FOR SANCTIONS AGAINST PLAINTIFFS'S COUNSEL

In requesting sanctions against the undersigned, Lifetime refers to the present action and to what Lifetime refers to as "*Leyse II*," which was commenced after the Second Circuit, in a prior action that Lifetime refers to as "*Leyse I*" (in both of which the undersigned was counsel to the plaintiff), affirmed of the district court's denial of class certification. Lifetime contends that "[t]he allegations in both of these 'new' putative class[-]action complaints mirror exactly those found

1

wanting in the complaint in *Leyse I*." Defendant's Memorandum of Law in Support of Sanctions Motion ("Def. Mem.") at 1. On the contrary, it is Lifetime that failed in its attempt to prevail on the merits, *see* Point I(B) of McCabe's Memorandum of Law in Opposition to Lifetime's dismissal motion ("Opp. Mem."), and in no respect were the allegations found deficient in any respect; rather, the plaintiff's proposed method to satisfy the Second Circuit's requirement of ascertainability was the basis of the failure *Leyse I* to obtain class certification. *See* Opp. Mem., Point III.

Lifetime contends that "it is difficult to conceive of Mr. Bank's actions as anything other than vexatious harassment of Lifetime and, perhaps, an attempt to exact a settlement that Lifetime might elect in order to avoid the waste of time and money necessitated by litigating (and re-litigating) already-resolved issues." Def. Mem. at 2 However, Lifetime provides no evidence that the undersigned has ever made, at any stage in the litigation in which he has been counsel, a demand for settlement (indeed, the undersigned has not done so), much less an improper one.

Lifetime next contends: "[i] certainly beggars belief that Mr. McCabe suddenly decided of his own accord, almost eight years after allegedly receiving a twenty-second phone call about Lifetime's move to a new channel in the Time Warner Cable lineup, to bring another putative class action the day after the Second Circuit's affirmance in *Leyse I*. Clearly, Mr. McCabe is just the latest placeholder plaintiff denominated by Mr. Bank to try to litigate the same issues over and over again." *Id.* Lifetime adds: "[n]otably, both Mr. Leyse and Mr. McCabe have repeatedly been the named plaintiffs in putative class actions filed by Mr. Bank in this Court and in federal courts around the country," *id.* at 2-3, n.2; *see also id.* at 16 ("Mr. Bank has simply substituted one of his frequent-flyer clients for a different one."). Of course, Lifetime has no idea, but merely speculates about, when McCabe learned about his rights under the TCPA, when he first knew an attorney who would represent him, etc. In addition, the notion that it is improper to represent a client in multiple cases

2

(three as cited by Lifetime, see *id.* at 3, n.2), is nonsensical.

Lifetime notes that "Mr. Bank waited until August 16, 2013, three days before the TCPA's four-year statute of limitations expired, to file the complaint in *Leyse I*." Def. Mem. at 4. Again, Lifetime speculates about conduct that, as Lifetime's counsel surely knows, was not even arguably improper in the first place. In any event, perhaps Lifetime overlooked the fact that, eight days before *Leyse I* was commenced, the Second Circuit, in *Giovanniello v. ALM Media, LLC*, 726 F.3d 106 (2d Cir. 2013), overruled an earlier Second Circuit decision that had found that state law supplies the statute of limitations to TCPA claims, holding, in contrast to that earlier decision, that federal law controls the issue and supplies a limitations period of four years. *See Giovanniello*, 726 F.3d at 109-113 (had New York law applied, the limitations period would have been three years, *see* C.P.L.R. § 214(2)).

Lifetime, either speculating or insinuating, next states: "[e]ven though [*Leyse I*] was technically timely, documents related to the phone call were no longer maintained by the third-party companies involved in planning the calls." Def. Mem. at 4 (footnote omitted). Of course, Lifetime does not even suggest when those documents might have disappeared (but, again, that is irrelevant to the question of whether the present action was improperly brought). Lifetime adds that, "[n]either Mr. Bank, Mr. Leyse, nor Mr. McCabe ever sent a document[-]preservation notice or any claim or complaint to Lifetime prior to filing suit in August 2013, notwithstanding that Mr. Leyse testified he immediately called Mr. Bank when he received the call in August 2009." *Id.* at 4, n.3. Again, Lifetime does not, and cannot, argue that it was therefore improper to bring the present case (or the two prior actions). Yet again, Lifetime has no idea why a document-preservation notice was not sent; and, of course, does not disclose the fact that, in *Leyse I*, Lifetime claimed that it had never obtained the list of the telephone numbers that were called. *See Leyse v. Lifetime Entertainment Servs., LLC*, No. 13-

3

cv-5794, 2015 WL 5837897, *2 (S.D.N.Y. Sept. 22, 2015).

Lifetime quotes the district court in *Leyse I* as stating, upon denying the *Leyse* plaintiff's motion for reconsideration of the class-certification denial, that "'Plaintiff's request for *still another opportunity to conduct discovery* again is denied, as is its entire motion for reconsideration.'" Def. Mem. at 5 (emphasis added; citation omitted). Before the Second Circuit, Leyse addressed this quotation as follows: "Leyse had not requested permission to engage in additional discovery either when moving for class certification or when moving for reconsideration. Indeed, the Class-Certification Order did not even suggest that the *Leyse* plaintiff had made such a request." Appellant's Principal Brief, No. 16-1133, at 23, n.2 (neither Lifetime nor the Second Circuit suggested that the *Leyse* plaintiff was incorrect).

Lifetime contends: "Leyse had previously rejected Lifetime's offer of judgment providing complete relief, and opposed the motion to enter judgment on the terms of the offer, even though the only thing Leyse would have gained by denial of the motion was the expense of a bench trial on a claim that, all parties agreed, was worth no more than $1,500.00 at the most." Def. Mem. at 6. As Lifetime's counsel surely knows, however, Leyse's acceptance of Lifetime's offer would have jeopardized his standing to represent a class (in the event of a successful appeal of the district court's class-certification denial). Moreover, if, as Lifetime suggests, Leyse's rejection of that offer were improper, Lifetime should have addressed the matter before the *Leyse I* court, not before this Court. Indeed, the key difference, which Judge Pauley discussed but which Lifetime did not include in its copy of the partial transcript of the pre-motion conference on March 13, 2017, before Judge Pauley (*see* Exhibit 16 to the Declaration of Sharon L. Schneier), between the present case and *Leyse II* was that the plaintiff in *Leyse II* already had already received a judgment (albeit one whose entry is the subject of one of the questions presented in that plaintiff's *certiorari* petition) Lifetime also omits the

4

portion of the transcript in which Judge Pauley chastised Ms. Schneier for stating that she had, in an attempt to convince the undersigned to withdraw *Leyse I*, made telephone calls to the undersigned that she had not made.

Lifetime notes: "[o]n April 17, 2017, the Second Circuit issued an order taxing Lifetime's costs in the appeal in the amount of $249.80 to Mr. Leyse. To date, Mr. Leyse has not paid these costs to Lifetime." Def. Mem. at 6-7. Lifetime's counsel omits the fact that an email exchange took place on June 13, 2017, in which Defendant's counsel stated as follows: "Mr. Bank: I don't believe you or your client paid the costs assessed by the Second Circuit. Please let me know if I am in error. Otherwise, these costs should be paid immediately. The check can be sent to my attention to forward to A+E. Thank you, Sharon L. Schneier." The undersigned responded: "Mr. Leyse anticipates that he will be filing a petition for certiorari, after which, if it is denied, we will pay the costs. In addition, I would need to see a breakdown of those costs that were attributed to Lifetime's status as an appellee, as those expenses that were incurred as a result of Lifetime's status as a cross-appellant are not recoverable. Todd Bank." Lifetime's counsel did not respond to the this email.

Lifetime notes that, "as the Second Circuit stated in [*Giovaniello*], its holding was entirely consistent with the unanimous view of **all** eight of the other Circuits to have considered the issue." Def. Mem. at 13 (emphasis in original). However, as set forth in Opp. Mem., Point I(A), five of these cases did *not* hold that tolling under *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), is inapplicable during an appeal from the denial of class certification.

Lifetime also seeks to disparage McCabe and the undersigned for objecting to a class settlement in *Aranda v. Caribbean Cruise Line, Inc.* (No. 12-cv-4069, N.D. Ill). *See* Def. Mem. at 16-17, quoting the district court's questioning of whether McCabe was a class member and that court's finding that his claims were precluded by *res judicata*. It took approximately five pages to

5

very clearly explain that the district court was erroneous in both respects. Thus, rather than repeat those arguments here, a copy of McCabe's principal appellate brief, Point I of which addresses these issues (pp. 5-10 of the brief), is annexed as Exhibit "A" to the accompanying declaration of the undersigned.

Lifetime notes that, in *Leyse v. Bank of America, N.A.*, No. 09-cv-97, 2009 WL 2855713 (W.D.N.C. Sept. 1, 2009), in support of Lifetime's proposition that "[o]ther courts have similarly noted Mr. Bank's frequent 'attempts to make end runs around the law' by filing multiple lawsuits in different courts arising from the same set of facts." Def. Mem. at 17. Remarkably, the issue over which the court chastised the undersigned is an issue that the undersigned persisted in litigating in the belief that his position was correct, an effort that was rewarded in *Bank v. Independence Energy Group LLC*, 736 F.3d 660 (2d Cir. 2013). *See* Opp. Mem., Points I(A) and III.

Lifetime also refers to the "collect[ed] decisions" that the North Carolina court cited and that, according to Lifetime, show that the undersigned, in each of them, was found to have brought a "'second action filed concerning a single telephone call,' and that[,] [in doing so][,] . . . filed [each action in] the new court [in order] 'to circumvent [then-applicable] New York law.'[]" Def. Mem. at 17, quoting *Leyse*, 2009 WL 2855713 at *1. However, in none of the "collect[ed] decisions," in all of which the undersigned was counsel, was the same telephone call (or, as in the present case, two calls from one series of calls) litigated in more than one action. Moreover, far from even arguably attempting to avoid the New York class-action prohibition (*see* Opp. Mem., Points I(A) and III) by bringing cases in other states in order to avoid the New York class-action prohibition, each of the "collect[ed] decisions" were from New York cases (although, to be sure, there is nothing improper about choosing a venue in which a desired recovery is available; as Justice Jackson observed, "[t]here is nothing which requires a plaintiff to whom such a choice is given to exercise it in a self-denying or

6

large-hearted manner." *Miles v. Ill. Cent. R.R. Co.*, 315 U.S. 698, 707 (1942) (Jackson, J., concurring)). Indeed, the undersigned, in representing the *Leyse* plaintiff in a TCPA case in New Jersey, has twice prevailed before the Third Circuit. *See Leyse v. Bank of America, N.A.*, 804 F.3d 316 (3d Cir. 2015), *Leyse v. Bank of America, N.A.*, 538 F. Appx. 156, 162 (3d Cir. 2013); *see also Weitzner v. Sanofi Pasteur, Inc.*, 819 F.3d 61 (3d Cir. 2016) (prevailing in interlocutory appeal on behalf of a New York plaintiff); *Weitzner v. Sanofi Pasteur, Inc.*, No. 11-cv-2198, 2013 WL 5411729, *2-*3 (M.D. Pa. Sept. 26, 2013) (following Third Circuit case law that a New York plaintiff who brings an action in New Jersey is not bound by the New York class-action prohibition).

Notwithstanding page after page of attacks on the undersigned, many of which are plainly misleading and others of which are based on speculation, Lifetime concedes that, "[b]ased on our review of cases available in electronic databases, Mr. Bank has thus far avoided sanctions." Def. Mem. at 18.

## CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests that this Court impose sanctions upon Defendant's counsel and grant Plaintiff any appropriate relief that is authorized by law.

Dated: July 28, 2017

                                            *s/ Todd C. Bank*
                                            TODD C. BANK,
                                             ATTORNEY AT LAW, P.C.
                                            119-40 Union Turnpike
                                            Fourth Floor
                                            Kew Gardens, New York  11415
                                            (718) 520-7125
                                            By: Todd C. Bank

                                            *Counsel to Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on July 28, 2017, a true and accurate copy of the foregoing was served electronically and by the overnight delivery service of Federal Express on the following:

Sharon L. Schneier (sharonschneier@dwt.com)
DAVIS WRIGHT TREMAINE LLP
1633 Broadway 27th floor
New York, New York 10019
(212) 489-8230

Dated: August 21, 2017

                                                                                    s/ *Todd C. Bank*
                                                                                     Todd C. Bank