UNITED STATES DISTRICT COURT
EASTERN DISTRICT NEW YORK

------------------------------------------------------------x

KEVIN McCABE, Individually and on Behalf of All Others Similarly Situated,

                            Plaintiffs,

                v.

LIFETIME ENTERTAINMENT SERVICES, LLC,

                            Defendant.

17-cv-908 (ERK) (SLT)

------------------------------------------------------------x

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS

Defendant Lifetime Entertainment Services, LLC ("Lifetime") respectfully submits this Memorandum of Law in Opposition to Plaintiff's Motion for Sanctions.

Plaintiff's sanctions motions should be denied and is, itself, frivolous. Indeed, as set forth in Lifetime's motions to dismiss (ECF No. 17) and for sanctions (ECF No. 18), this lawsuit as a whole is frivolous. As Lifetime explains in its motion papers, Plaintiff's claim is time-barred under clear Second Circuit precedent in which Plaintiff's counsel, Todd C. Bank, personally participated as counsel. Moreover, this lawsuit is the <u>third</u> nearly identical putative class action filed by Mr. Bank over the same eight-year-old phone call, despite the fact that it is time-barred and class certification was denied in the first action after full and complete discovery.

Mr. Bank has been advised that this lawsuit is frivolous on multiple occasions. In fact, in the second of the three identical actions (filed on the same day as this case), he was warned by the district judge that the court was inclined to consider sanctions if Plaintiff's counsel did not "end the madness" and withdraw the action (which he subsequently did). *See* ECF No. 18-3, Ex.

16. Given Plaintiff's counsel's intransigence in pressing a claim that he was fully aware at the outset was time-barred, and his broader pattern of filing multiple lawsuits over the same cause of action, even when the subsequent lawsuits are meritless, Lifetime moved for sanctions against Plaintiff's counsel. In the motion, Lifetime seeks reimbursement of the costs and fees it incurred in defending this frivolous action.

Not content merely to oppose Lifetime's motion for sanctions, Plaintiff has filed his own motion for sanctions against Lifetime's counsel "for making a frivolous request for sanctions against Plaintiff's counsel." Plaintiff's Memorandum of Law of [*sic*] Plaintiff's Motion for Sanctions Against Defendant's Counsel ("Ptf. Sanctions Mem.") at 1. However, instead of setting forth any grounds whatsoever to support his motion, Plaintiff simply copied and pasted **verbatim** the section of his opposition brief addressed to Lifetime's sanctions motion. *Compare* Ptf. Sanctions Mem. at 1-7 *with* Plaintiff's Opposition to Defendant's Motion for Dismissal of the Complaint and Defendant's Motion for Sanctions (ECF No. 20) ("Ptf. Opp.") at 49-55. Those arguments simply parse various (irrelevant) details in Lifetime's description of the history of this action and the predecessor cases in which Mr. Bank was plaintiff's counsel. His arguments are not sufficient to justify denial of Lifetime's original sanctions motion, let alone make Lifetime's motion frivolous. Beyond that, Plaintiff provides no further factual or legal support to justify his assertion that Lifetime's sanctions motion is frivolous or that sanctions are warranted against Lifetime's counsel for any reason.

This Court, of course, has discretion to grant or deny Lifetime's original sanctions motion. *See, e.g., Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012). However, even if the Court ultimately denies the motion, that would not in itself make the motion frivolous. *See, e.g., Gagasoules v. MBF Leasing LLC*, 286 F.R.D. 205, 219

2

(E.D.N.Y. 2012) (explaining that "the fact that the Court denied the majority of the Defendant's motions for sanctions is not equivalent to the motions themselves being 'frivolous' or 'meritless,'" and denying cross-motion for sanctions as "border[ing] on frivolous" where original sanctions motion "raised some serious issues"); *see also Lotocky v. Elmira City Sch. Dist.*, 102 F. Supp. 3d 455, 457–58 (W.D.N.Y. 2015) ("[A]lthough the [defendant's] motion [for sanctions] has been denied, the [defendant's] interpretation of the facts and law presented is not unreasonable, nor is it so glaringly frivolous or unfounded as to merit an award of sanctions."); *Soroof Trading Dev. Co. v. GE Fuel Cell Sys., LLC*, 842 F. Supp. 2d 502, 519 (S.D.N.Y. 2012) ("Plaintiff's motion for sanctions, though not meritorious, was not patently frivolous, as would be required to support the imposition of sanctions pursuant to Rule 11."); *Homer v. Halbritter*, 158 F.R.D. 236, 238 (N.D.N.Y. 1994) ("The mere fact that defendant Halbritter's motion for sanctions is not meritorious does not mean that he acted frivolously in filing it, and plaintiffs have not made the requisite showing to trigger sanctions for its filing."). And courts in this Circuit do not hesitate to deny a cross-motion for sanctions that "appears to have been filed, even though it has no merit in law or fact, in retaliation for [the other party's] motion for sanctions." *Barash v. N. Tr. Corp.*, No. 07-cv-5208, 2009 WL 605182, at *1 n.1 (E.D.N.Y. Mar. 6, 2009); *see also Silberman v. Innovation Luggage, Inc.*, No. 01-cv-7109, 2003 WL 1787123, at *16 (S.D.N.Y. Apr. 3, 2003) (denying as "completely frivolous" cross-motion for sanctions that "appear[ed] to have been submitted principally in retaliation for defendants' well-founded sanctions motion").

Indeed, Plaintiff's motion for sanctions is itself frivolous. *See Safe-Strap Co. v. Koala Corp.*, 270 F. Supp. 2d 407, 421 (S.D.N.Y. 2003) ("[W]here a party's motion for Rule 11 sanctions is not well grounded in fact or law, or is filed for an improper purpose, a court my find

3

itself in the position of imposing Rule 11 sanctions on the moving party and/or her attorney.") (citation omitted).  However, rather than continue the process of the parties cross-moving against each other for sanctions *ad infinitum*, Lifetime will note only that Mr. Bank's decision to file this baseless cross-motion, seemingly with no purpose other than giving Lifetime yet another motion to respond to, further substantiates Lifetime's contention in its sanctions motion that, throughout these cases, Mr. Bank is needlessly multiplying proceedings with frivolous filings.  This conduct is sanctionable under both Fed. R. Civ. P. 11 and 28 U.S.C. § 1927, as set forth in Lifetime's original sanctions motion.  In any event, Plaintiff's cross-motion is meritless and should be denied outright.

Dated: New York, New York
August 28, 2017

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: /s/ Sharon L. Schneier
    Sharon L. Schneier
    Eric J. Feder

1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
Telephone:  (212) 489-8230
Facsimile:  (212) 489-8340
Email:      sharonschneier@dwt.com
            ericfeder@dwt.com

*Attorneys for Defendant Lifetime Entertainment Services, LLC*

4