UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEVIN McCABE, Individually and on Behalf of All Others Similarly Situated,<br><br>*Plaintiff*,<br><br>-against-<br><br>LIFETIME ENTERTAINMENT SERVICES, LLC,<br><br>*Defendant*. | 1:17-cv-00908-ERK-SJB |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT'S COUNSEL**

TODD C. BANK,
 ATTORNEY AT LAW, P.C.
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York 11415
(718) 520-7125

*Counsel to Plaintiff*

### TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATUTES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

CASES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.      DEFENDANT MAKES VARIOUS MISSTATEMENTS
        REGARDING PROCEDURAL MATTERS . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

        A.      Plaintiff, in His Motion for Sanctions, Properly Repeated
                Certain Arguments That He Had Made in Opposing
                Defendant's Motions for Dismissal and Sanctions . . . . . . . . . . . . . . . . . . . . . 1

        B.      Defendant's Claim That Plaintiff Submitted Oversized
                Briefs, and That He Did So Without Permission, is Baseless . . . . . . . . . . . . . . 2

        C.      Defendant's Attack Against Plaintiff and His Counsel
                Regarding Prior Litigation is Not Only Fabricated, But
                Would be Irrelevant Even if it Were Not Fabricated . . . . . . . . . . . . . . . . . . . . 2

        D.      Defendant Improperly Seeks Sanctions Based
                on a Case That is Not Before This Court . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        E.      Defendant's Request for Sanctions Based on the
                "Inherent Authority" of the Court is Superfluous . . . . . . . . . . . . . . . . . . . . . 5

II.     DEFENDANT DOES NOT, AND CANNOT, REFUTE
        THE BASES OF PLAINTIFF'S MOTION FOR SANCTIONS . . . . . . . . . . . . . . . . . 6

        A.      Defendant Has Not Even Arguably Shown That
                Plaintiff's Position is Substantively Frivolous . . . . . . . . . . . . . . . . . . . . . . . 6

        B.      In the Second Action That Plaintiff's Counsel Brought on
                Behalf of a Different Plaintiff, the Court Did Not Express
                A View Regarding the Issues That are Before This Court . . . . . . . . . . . . . . . . 7

        C.      Defendant Makes False and Misleading Representations Regarding
                the Supreme Court's Denial of *Certiorari* in a Prior Case in Which
                the Petitioner was Represented by the Undersigned Counsel . . . . . . . . . . . . . . 10

**Page**

**Table of Contents (*Cont'd*)**

D.    Defendant's Purported Disagreement with Plaintiff's View of the Application of *American Pipe* Tolling to Subsequent Class Actions Not Only Fails to Show That Plaintiff's Position is Frivolous, but is Itself Unpersuasive . . . . . . . . . . . . . . . . . . . . . . . . . . 11

E.    Defendant Does Not Explain Why it Made So Many False, Misleading, and Irrelevant Representations Regarding the Commencement of the Present Case . . . . . . . . . . . . . . . . . . . . . . 16

F.    Defendant's Bald Representations Regarding a Court Conference in a Prior Action Offer No Details to Support its Counsel's Purported Recollection . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

ii

## <u>TABLE OF AUTHORITIES</u>

**Page**

**STATUTES**

47 U.S.C. § 227, *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

28 U.S.C. § 1927 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4, 5

Fed. R. Civ. P. 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 4, 5

Fed. R. Civ. P. 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12, 13

**CASES**

*American Pipe & Construction Co. v. Utah*,
    414 U.S. 538 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Aranda v. Carribbean Cruise Line, Inc.*,
    No. 12-cv-4069, 2017 WL 818854
    (N.D. Ill. Mar. 2, 2017), *appeal pending*,
    *McCabe v. Carribbean Cruise Line, Inc.*,
    No. 17-1778 (7th Cir.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Brecher v. Republic of Argentina*,
    806 F.3d 22 (2d Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Christian v. Mattel, Inc.*,
    286 F.3d 1118 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Crown, Cork & Seal Co. v. Parker*,
    462 U.S. 345 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

*Frost v. LG Electronics Inc.*,
    No. 16-cv-05206, 2017 WL 2775041
    (N.D. Calif. June 27, 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Giovanniello v. ALM Media, LLC*,
    726 F.3d 106 (2d Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Golb v. Attorney General of the State of New York*,
    No. 16-0452-pr, --- F.3d ---, 2017 WL 3747185
    (2d Cir. Aug. 31, 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Page

**Table of Authorities; Cases (*Cont'd*)**

*Hunter v. Earthgrains Co. Bakery*,
　281 F.3d 144 (4th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Korwek v. Hunt*,
　827 F.2d 874 (2d Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12, 13

*Leyse v. Lifetime Entertainment Svcs., LLC*,
　679 F. Appx. 44 (2d Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Leyse v. Lifetime Entertainment Servs., LLC*,
　No. 13-cv-5794, 2015 WL 5837897
　(S.D.N.Y. Sept. 22, 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Police and Fire Retirement System of City of*
　*Detroit v. IndyMac MBS, Inc.*,
　721 F.3d 95 (2d Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Rivera v. American Federation of State, County,*
　*and Municipal Employees, AFL-CIO, Local 444*,
　No. 16-cv-04959, 2017 WL 3021038
　(N.D. Calif. July 17, 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Safeco Ins. Co. of America v. M.E.S., Inc.*,
　No. 09-cv-3312, 2016 WL 4734599
　(E.D.N.Y. Sept. 9, 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Teague v. Lane*,
　489 U.S. 288 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United Airlines, Inc. v. McDonald*,
　432 U.S. 385 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Verma v. Allen*,
　No. 12-cv-1182, 2013 WL 3108940
　(S.D.N.Y. June 12, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Woodard v. STP Corp.*,
　170 F.3d 1043 (11th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Yang v. Odom*,
　392 F.3d 97 (3d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEVIN McCABE, Individually and on Behalf of All Others Similarly Situated,<br><br>           *Plaintiff*,<br><br>   -against-<br><br>LIFETIME ENTERTAINMENT SERVICES, LLC,<br><br>           *Defendant*. | 1:17-cv-00908-ERK-SJB |

## INTRODUCTION

 Plaintiff, Kevin McCabe ("McCabe"), by the undersigned counsel, submits this reply memorandum of law in further support of McCabe's motion for sanctions against counsel to Defendant, Lifetime Entertainment Services, LLC ("Lifetime"), pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927.

## ARGUMENT

## POINT I

## DEFENDANT MAKES VARIOUS MISSTATEMENTS REGARDING PROCEDURAL MATTERS

**A. Plaintiff, in His Motion for Sanctions, Properly Repeated Certain Arguments That He Had Made in Opposing Defendant's Motions for Dismissal and Sanctions**

 Lifetime, referring to Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Sanctions ("Pl. Sanctions Mem."), states that, "instead of setting forth any grounds whatsoever to support his motion, Plaintiff simply copied and pasted verbatim the section of his opposition brief addressed to Lifetime's sanctions motion." Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Sanctions ("Def. Sanctions Opp. Mem.") at 2. Such overlap was the result of the fact that many of the reasons why Lifetime's motion for sanctions should be denied also supported

1

sanctions *against* Lifetime, whereas McCabe's motion for sanctions, insofar as having been brought under Rule 11 of the Federal Rules of Civil Procedure, was required to "be made separately from any other motion," Fed. R. Civ. P. 11(c)(2); indeed, "[i]ncorporating a Rule 11 motion into the opposition made to another motion does not constitute making a separate Rule 11 motion." *Verma v. Allen*, No. 12-cv-1182, 2013 WL 3108940, *1 (S.D.N.Y. June 12, 2013).

## B. Defendant's Claim That Plaintiff Submitted Oversized Briefs, and That He Did So Without Permission, is Baseless

Lifetime also contends, in yet another of its many baseless attacks on McCabe's counsel, that Plaintiff's Memorandum of Law in Opposition to Defendant's Motions for Dismissal and Sanctions was an "oversized opposition brief—for which he did not seek consent from Lifetime, let alone leave from the Court." Defendant's Reply Memorandum of Law in Further Support of Defendant's Motion for Sanctions ("Def. Sanctions Reply Mem.") at 1. However, Judge Korman's Individual Rules do not contain a page limit on briefs (most, but not all, judges in this District do limit briefs to 25 pages). Likewise, Lifetime contends, in Defendant's Reply Memorandum of Law in Further Support of Defendant's Motion to Dismiss ("Def. Dismissal Reply Mem."): "[t]he opposition brief Plaintiff filed is 55 pages long. Even accepting that Plaintiff was responding to two separate motions in one combined brief, his brief is still oversized by five pages. And he spends 46 pages opposing the motion to dismiss and just nine pages opposing the motion for sanctions." Def. Dismissal Reply Mem. at 2, n.1.

## C. Defendant's Attack Against Plaintiff and His Counsel Regarding Prior Litigation is Not Only Fabricated, But Would be Irrelevant Even if it Were Not Fabricated

Lifetime states that, in Defendant's Memorandum of Law in Support of Defendant's Motion for Sanctions ("Def. Sanctions Mem."), Lifetime had "not[ed] that Mr. Bank has represented Mr. McCabe in numerous TCPA lawsuits previously." Def. Sanctions Reply Mem. at 6 (referring to the

Telephone Consumer Protection Act, 47 U.S.C. § 227). First, McCabe already pointed out that "the notion that it is improper to represent a client in multiple cases . . . is nonsensical." Pl. Sanctions Mem. at 2-3. Second, Lifetime's original attack stated: "'[n]otably, both Mr. Leyse *and* Mr. McCabe have repeatedly been the named plaintiffs in putative class actions filed by Mr. Bank in this Court and in federal courts around the country.'" Pl. Sanctions Mem. at 2, quoting Def. Sanctions Mem. at 2-3, n.2 (emphasis added). Although it would, of course, be irrelevant whether, as Lifetime now states, the undersigned has represented McCabe "in numerous TCPA lawsuits previously," there has, other than the present case, been only one such case, *i.e.*, *McCabe v. B.L. Vacation Ownership, Inc.*, No. 13-cv-06131 (E.D.N.Y.) (but two cases if McCabe's objections to a proposed TCPA class settlement are included, *see Aranda v. Carribbean Cruise Line, Inc.*, No. 12-cv-4069, 2017 WL 818854 (N.D. Ill. Mar. 2, 2017), *appeal pending*, *McCabe v. Carribbean Cruise Line, Inc.*, No. 17-1778 (7th Cir.).

**D.      Defendant Improperly Seeks Sanctions Based**
**on a Case That is Not Before This Court**

Lifetime contends: "Mr. Bank has been advised that *this lawsuit* is frivolous on multiple occasions." Def. Sanctions Opp. Mem. at 1 (emphasis added). However, Lifetime then explains that, by "this lawsuit," Lifetime means the second action that Leyse brought against Lifetime ("*Leyse II*"): "[i]n fact, in the second of the three identical actions (filed on the same day as this case), [Mr. Bank] was warned by the district judge that the court was inclined to consider sanctions if Plaintiff's counsel did not 'end the madness' and withdraw the action (which he subsequently did)." *Id. See also id.* at 3 ("[g]iven Plaintiff's counsel's intransigence in pressing a claim that he was fully aware at the outset was time-barred, and his broader pattern of filing multiple lawsuits over the same cause of action, even when the subsequent lawsuits are meritless, Lifetime moved for sanctions against Plaintiff's counsel."). Although Lifetime also states that it "seeks reimbursement of the costs and fees it incurred in defending *this* frivolous action," *id.*, its request must be denied insofar as it very clearly rests upon

3

the contention that *Leyse II* was frivolous (the merits of Lifetime's contentions of frivolousness are addressed in Point II, *infra*).

Sanctions under both 28 U.S.C. § 1927 and Rule 11 are limited to conduct that occurs in the course of the action in which the request for sanctions is made. As for Section 1927, the court in *Rivera v. American Federation of State, County, and Municipal Employees, AFL-CIO, Local 444*, No. 16-cv-04959, 2017 WL 3021038 (N.D. Calif. July 17, 2017), explained as follows in response to the defendant's motion for sanctions against the plaintiff, whose prior action had been "dismissed with prejudice" but who then brought the *sub judice* action asserting "the same claims, based upon the same facts, against the same party," *id.* at *1, such that the court dismissed the *sub judice* action on the basis that it was "prohibited under the doctrine of claim splitting," *id.*: "[the defendant] asks [the court] to impose sanctions on [the plaintiff] for filing her complaint in this action because it is an 'unreasonable multiplication of proceedings.' This misconstrues the term 'multiplication' in Section 1927; it means 'to multiply or prolong' proceedings of a *single case.*" *Id.* at *6 (emphasis added).

The *Rivera* court proceeded to explain that "Section 1927 sanctions cannot be imposed for the filing of an initial complaint." *Id.* Here, McCabe has opposed Lifetime's motion for dismissal (and Lifetime's motion for sanctions), but merely refusing to withdraw a complaint is not sanctionable under Section 1927. In *Frost v. LG Electronics Inc.*, No. 16-cv-05206, 2017 WL 2775041 (N.D. Calif. June 27, 2017), "[the defendant] argue[d] that § 1927 is applicable because [the] [p]laintiffs' counsel has refused to dismiss the complaint[,] and proceedings have multiplied based on the filing of an opposition to [the defendant's] motion to dismiss," *id.* at *4, in response to which the court explained that, "[f]irst, the Court does not construe a refusal to withdraw an initial complaint this early in the proceeding, without more, to be a multiplication of proceedings under § 1927." *Id.*

Although the court found that the mere opposing of a dismissal motion did not constitute the improper multiplication of proceedings under Section 1927, the court's second reason, *i.e.*, that "[the] [p]aintiffs also had no choice but to oppose the motion to dismiss given that the complaint was not objectively baseless," *id.*, and that "[the] [p]aintiffs were entitled to a zealous representation," *id.*, is also applicable in the present case. *See* Point II, *infra*.

As is the case with respect to Section 1927, "behavior in prior proceedings do[es] not fall within the ambit of Rule 11," *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1131 (9th Cir. 2002); *see also Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 157, n.19 (4th Cir. 2002) (in addressing three lawsuits that had been brought in state court, two of which had been removed to the same federal court, *see id.* at 148, 149, explaining: "[t]he district court properly rejected the assertion by [the defendant] that the filing of the [plaintiff's] Second and Third Lawsuits constituted improper subsequent behavior on the part of [the plaintiff] . . . . It is clear that 'Rule 11 sanctions are properly applied only to cases before the court, not to cases in other courts,'" quoting *Woodard v. STP Corp.*, 170 F.3d 1043, 1045 (11th Cir. 1999)).

**E.      Defendant's Request for Sanctions Based on the**
**         "Inherent Authority" of the Court is Superfluous**

Although Lifetime also seeks sanctions based on the "inherent authority" of the Court, "the only meaningful difference between an award made under § 1927 and one made pursuant to the court's inherent power . . . [is that] sanctions under 28 U.S.C. § 1927 are limited to attorneys or others authorized to practice before the courts[,] [whereas] [s]anctions imposed pursuant the court's inherent authority are not so limited; they may be imposed against an attorney, a party, or both." *Safeco Ins. Co. of America v. M.E.S., Inc.*, No. 09-cv-3312, 2016 WL 4734599, *4 (E.D.N.Y. Sept. 9, 2016) (citations and quotation marks omitted). Thus, given that Lifetime seeks sanctions only against McCabe's counsel, its request under the Court's "inherent authority" is superfluous.

5

## POINT II

## DEFENDANT DOES NOT, AND CANNOT, REFUTE
## THE BASES OF PLAINTIFF'S MOTION FOR SANCTIONS

### A.   Defendant Has Not Even Arguably Shown That
### Plaintiff's Position is Substantively Frivolous

Lifetime contends that "Plaintiff's sanctions motions should be denied and is, itself, frivolous," Def. Sanctions Opp. Mem. at 1, because "this lawsuit as a whole is frivolous . . . [in that] Plaintiff's claim is time-barred under clear Second Circuit precedent in which Plaintiff's counsel, Todd C. Bank, personally participated as counsel." *Id.* However, in Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Dismissal of the Complaint and Defendant's Motion for Sanctions ("Pl. Opp. Mem."), McCabe candidly and respectfully addressed that precedent, *i.e.*, *Giovanniello v. ALM Media, LLC*, 726 F.3d 106 (2d Cir. 2013), and, recognizing the likelihood that this Court would treat it as a binding precedent, argued extensively that the issues that McCabe raised with respect to *Giovanniello* were, in such event, being raised in order to preserve, as of right, the issues for a further appeal.

Lifetime, other than citing cases that oppose McCabe's position (about which McCabe was also forthright in addressing), has not argued that the substance of that position, *i.e.*, that tolling under *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), should extend at least until the conclusion of an appeal of a denial of class certification, is frivolous. Indeed, Lifetime's claim of frivolousness falls flat in view of the numerous cases that McCabe cited in support of his position and in view of the fact that McCabe's arguments were consistent with the rationales of *American Pipe* tolling. Were this Court, or an appellate court, to find that the disadvantages of extending *American Pipe* tolling as urged by McCabe outweigh the advantages, that would not, of course, mean that McCabe's position was frivolous. Moreover, given that *American Pipe* tolling is itself based on

public-policy considerations rather than, for example, black-and-white statutory interpretation (*see Police and Fire Retirement System of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 109, n.15 (2d Cir. 2013)), it is all the more troubling that Lifetime would have this Court punish McCabe's counsel for merely advocating that such public-policy considerations do not disintegrate upon a district court's initial denial of class certification but continue during the pendency of an appeal such denial.

**B.     In the Second Action That Plaintiff's Counsel Brought on Behalf of a Different Plaintiff, the Court Did Not Express A View Regarding the Issues That are Before This Court**

Lifetime would have this Court find that, in *Leyse II*, Judge Pauley, during the parties conference on March 30, 2017, indicated an opinion regarding the issues in the present case, *see* Def. Sanctions Opp. Mem. at 1-2, but that is not so. Rather, the only substantive comments that Judge Pauley made concerned the fact that the plaintiff in *Leyse II* had already been awarded a judgment in the first action that Leyse brought against Lifetime ("*Leyse I*") and that, in Judge Pauley's view, the entry of that judgment negated the case-and-controversy requirement. Indeed, Judge Pauley did not even hint at an opinion regarding any other issue. Attached to the accompanying Declaration of Todd C. Bank is the entire transcript of the hearing before Judge Pauley, the above-described excerpts of which are as follows:

> THE COURT: How is there a case or controversy with this complaint?
>
> MR. BANK: In light of the judgment you mean, your Honor?
>
> THE COURT: Yes. At the time you filed this action, February 16, how is there a case or controversy?
>
> MR. BANK: For one thing, [Mr. Leyse] hasn't received the actual money; but, more importantly, that's why we are seeking a stay. Because otherwise -- let's suppose going forward the court -- this court or a higher court, either way -- were to hold that *American Pipe*

tolling expired upon the affirmance of the Second Circuit, not the response or the ruling on the current [*en banc*] petition. But let's say . . . on March 1st the Second Circuit issued its ruling [(the actual date was February 15, 2017, *see Leyse v. Lifetime Entertainment Svcs., LLC*, 679 F. Appx. 44 (2d Cir. 2017))]. And let's say the *en banc* rehearing petition is denied today. But let's say going forward ultimately -- and I am not predicting anything here, I don't know. But let's suppose the law of the case here became that *American Pipe* tolling ended on that March 1st date, the hypothetical date on which the Second Circuit issued its ruling that is now subject to the petition. Well, if that turns out to be the case, which is not entirely infeasible, by any means, then we would have only had three days left to file the action, the same thing with the other action in the Eastern District, the *McCabe* action.

So that's why we are seeking a stay. We are being very candid. We recognize, Mr. Leyse and I recognize that if the judgment ultimately stands, then there wouldn't be, presumably, a case in controversy. But as of now, it is our intention in *Leyse I*, in the prior action, to get that judgment to be vacated. I don't predict success or failure. I don't know. But otherwise the alternative was that he would have to risk foregoing his rights altogether. Because what if we brought this case -- let's say the *en banc* petition is denied today, and now we brought the case within the following three days, by Friday or Monday. What happens if later on in this case, either your Honor or a higher court or what have you, the law of the case is that *American Pipe* tolling ended on March 1st -- the hypothetical date on which the Second Circuit issued its ruling that's currently subject to the petition -- and now we are time barred. That's why we are seeking a stay.

Exh. "A," p.5, line 17 - p.7, line 9.

Although Lifetime's counsel, Sharon L. Schneier, set forth Lifetime's view regarding

*American Pipe* tolling, *see id.*, p.7, line 10 - p.10, line 1; p.15, line 13 - p.16, line 15, Judge Pauley,

again, indicated no opinion about that issue. Instead, the discussion concluded as follows:

THE COURT: As I listen to you [*i.e.*, to Mr. Bank], everything you're arguing is about what either Judge Hellerstein [in *Leyse I*] did or didn't do, and what the Second Circuit did or didn't do, and you have got a motion pending in the Circuit about all of that.

MR. BANK: Some of it [(*i.e.*, actually, none of it; that is, *American Pipe* tolling was not at issue before the Second Circuit)].

8

THE COURT: It's not a question of duplicative cases. This case is identical to the case you filed before Judge Hellerstein, and you have not exhausted your available avenues of relief with respect to that case.

MR. BANK: That's why we are seeking a stay, Judge.

THE COURT: I am not granting a stay in the case. You filed this case on February 16, 2017. I have no idea when the Second Circuit will pass on your motion for rehearing, and I have no idea what you will do after that. But on the date that you filed this complaint, Mr. Leyse does not present a case or controversy in my view. Now, if you're not willing to just drop this case, then I am going to tee up the defendant's motion. And while, generally, I don't like dealing with motions for sanctions and the like, which they have proposed to make, I am going to permit them to make their motion.

So I guess I will return to the sort of question that I asked at the very beginning that I was serious about: Do you want to end the madness of this case, 17 CV 1212, here and now, or do you insist that the defendants make a motion and then I will deal with the motion?

MR. BANK: As of now, we are prepared to go ahead with the motion practice. Certainly, in the interim, if we conclude otherwise, of course we would withdraw the case, but until then we are certainly not in a position to do that.

*Id.*, p.17, line 21 - p.18, line 25.

In sum, the key distinction between the present case and *Leyse II*, *i.e.*, the absence, here, of a judgment issued in a prior action in favor of the plaintiff, leaves, before this Court, only the issue concerning *American Pipe* tolling, and Lifetime's only argument is that binding precedent requires this Court to dismiss this action, whereas the existence of binding precedent (assuming, *arguendo*, that this Court were to find that *Giovanniello* is binding) does not make the preservation of a party's right to challenge that precedent frivolous (that McCabe addressed the matter with candor and respect further shows that his counsel's arguments were presented well within the bounds of proper zealous advocacy). Indeed, the right to raise issues solely for purposes of appellate preservation presumes, by definition, that there is binding precedent that must be preserved in the first place.

9

**C.**   **Defendant Makes False and Misleading Representations Regarding the Supreme Court's Denial of *Certiorari* in a Prior Case in Which the Petitioner was Represented by the Undersigned Counsel**

Lifetime notes that "[t]he Supreme Court also already declined to review the *Giovanniello* decision," Def. Sanctions Reply Mem. at 4, but contends that, "[e]ven if that rejection were due (at least in part) to Mr. Bank's untimely filing of the cert [sic] petition, [] Plaintiff also fails to acknowledge that the Supreme Court denied cert [sic] in all three of the other circuit[-]court cases that Plaintiff acknowledges expressly reached the exact same conclusion as the *Giovanniello* court: that *American Pipe* tolling ends upon denial of class certification by the district court, regardless of the filing of any appeals or motions for reconsideration," *id.* at 5; *see also id.* ("Plaintiff insists he should nonetheless be permitted to at least 'preserve' the right to present his arguments on the scope of *American Pipe* tolling 'for review by the Second Circuit and/or the Supreme Court.' [Pl. Dismissal] Opp. [Mem.] at 46. Of course, Mr. Bank himself already ***did*** present those exact arguments to the Second Circuit in *Giovanniello*, including in a petition for rehearing *en banc*, which the court denied" (emphasis by Lifetime)); *id.* at 8 ("[Mr. Bank] endeavors to use this case as a vehicle to seek Supreme Court review of the rule set forth in *Giovanniello*, when he already was afforded the opportunity to do so (without success) in *Giovanniello* itself."). First, as Lifetime's counsel surely knows, "'the denial of a writ of certiorari imports no expression of opinion upon the merits of the case,'" *Golb v. Attorney General of the State of New York*, No. 16-0452-pr, --- F.3d ---, 2017 WL 3747185, *5 (2d Cir. Aug. 31, 2017), quoting *Teague v. Lane*, 489 U.S. 288, 296 (1989) (the Second Circuit also noted that, "[b]y analogy, the Court of Appeals' discretionary denial of rehearing was not a decision 'on the merits,' and [is] accordingly owe[d] no deference," *id.*).

Second, even aside from the superfluous speculation that the Supreme Court's denial of the *certiorari* petition in *Giovanniello* might not have been based on the petition's untimeliness, Lifetime

itself previously stated that, "according to the docket, Mr. Bank attempted to file a petition for a writ of certiorari 'out of time,' but the request was rejected by the Supreme Court," Def. Sanctions Mem. at 14, n.5, such that "the Supreme Court did not consider the petition in *Giovanniello* on the merits." *Id.* It is far from clear why, other than desiring to bias this Court against McCabe's counsel, Lifetime has changed its position (Lifetime's additional statement that, "[m]oreover, the Second Circuit denied Mr. Bank's petition for rehearing *en banc* in *Giovanniello* itself," *id.* 13-14, n.5, is also of no import).

Lifetime's snide contention that, "[u]nder *Giovanniello*, which is binding law on courts in this Circuit, Plaintiff can be 'certain' that the 'risk' of this suit being time-barred is exactly the same today as it will be once the Supreme Court denies the cert [sic] petition or otherwise rules in *Leyse I* (and has been the same since the end of September, 2015)." Def. Sanctions Reply Mem. at 3. As with Lifetime's false assertions regarding denials of *certiorari*, this contention overlooks the fact that, in the present case, McCabe has asserted his right to preserve issues for appeal, and that, apropos of that assertion, he would not have any less of that right if the Supreme Court denies *certiorari* in *Leyse I.*

**D.    Defendant's Purported Disagreement with Plaintiff's View of the Application of *American Pipe* Tolling to Subsequent Class Actions Not Only Fails to Show That Plaintiff's Position is Frivolous, but is Itself Unpersuasive**

Lifetime contends that "Plaintiff's putative class action is fatally flawed for another reason: the court in *Leyse I* denied certification of the exact same class as the one defined in the Complaint in this case because the court determined that the class could not satisfy the 'ascertainability' requirement implicit in Rule 23(b) [of the Federal Rules of Civil Procedure]." Def. Reply Dismissal Mem. at 2. Lifetime then claims that, "[i]n opposition, Plaintiff fashions a principle out of whole cloth that the rule set down in *Korwek* [*v. Hunt*, 827 F.2d 874 (2d Cir. 1987)] applies only when the class is 'inherently incapable of being certified' or 'inherently defective,'" *id.*, adding that, "[n]otably, he does not cite any authority for this standard, and we have been unable to locate a single case applying

it," *id.*, and that, "[i]nstead, as the cases Plaintiff cites hold, *American Pipe* tolling applies to a new class action 'following the denial of class certification [in the prior case] due to Rule 23 deficiencies of the *class representative*,' but tolling 'will not apply to sequential class actions where the earlier denial of certification was based on a Rule 23 defect in the *class itself*.'" *Id.* at 2-3, quoting *Yang v. Odom*, 392 F.3d 97, 104 (3d Cir. 2004) (emphases by Lifetime).

Lifetime then claims that "Plaintiff cites cases that distinguish *Korwek*, and argues that the cases show that *American Pipe* tolling applies to subsequent class actions where the class had not been found 'inherently incapable of being certified,'" *id.* at 9, quoting Pl. Opp. Mem. at 39, and adds: "[b]ut none of the decisions [McCabe] cites actually use this standard. Instead, those cases hold that tolling applies to a new class action only where certification in the earlier case was 'denied for reasons other than a deficiency in the purported class itself,' *such as* a deficiency with the class representative." *Id.* (emphasis added). However, that is exactly McCabe's point, *i.e.*, the failure to successfully show a district court that a putative class meets the criteria of Rule 23 of the Federal Rules of Civil Procedure, as in *Leyse I*, does not necessarily mean that there had been "a deficiency in the purported class *itself*." In essence, Lifetime's position is that once a defendant prevails on the question of whether Rule 23 has been satisfied, that defendant is granted immunity from any additional attempts to satisfy those criteria, with the only exception being a Rule 23 denial based on "a deficiency with the class representative." However, Lifetime does not explain why this *is* so, nor why it *should* be so; and, moreover, Lifetime's use of the phrase "such as" shows that Lifetime itself recognizes that "a deficiency with the class representative" is *not* the only situation in which class certification could be denied "for reasons other than a deficiency in the purported class itself."

Lifetime claims that "this type of 'do-over' effort that *Korwek* held 'falls beyond [the] carefully crafted parameters' of 'the *American Pipe* doctrine' and 'into the range of *abusive*

options.'" Def. Reply Dismissal Mem. at 9, quoting *Korwek*, 827 F.2d at 879 (emphasis added). Here, *Korwek* was referring to an opinion by Justice Powell stating: "'[t]he tolling rule of *American Pipe* is a generous one, inviting *abuse*. It preserves for class members a range of options pending a decision on class certification. The rule should not be read, however, as leaving a plaintiff free to raise *different or peripheral claims* following denial of class status.'" *Korwek*, 827 F.2d at 877, quoting *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 354 (1983) (Powell, J., concurring) (emphases added). Here, McCabe has, of course, not sought to use *American Pipe* tolling to assert claims that are "*different or peripheral claims* following denial of class status" in *Leyse I*; indeed, Lifetime itself complains that the present case is a "nearly identical putative class action" as those asserted in *Leyse I* and *II*. Def. Sanctions Opp. Mem. at 1. Thus, Lifetime is left to taking, entirely out of context, a quotation containing the word "abuse" in order to make a false characterization in furtherance of its attacks against McCabe's counsel.

Further showing how misleading is Lifetime's invocation of Justice Powell's discussion of the potential abuse of *American Pipe* tolling, Justice Powell also explained, in that discussion, that where a new "suit raises claims that 'concern the same evidence, memories, and witnesses as the subject matter of the original class suit,' so that 'the defendant will not be prejudiced,'" *Crown, Cork*, 462 U.S. at 355 (Powell, J., conc.), quoting *American Pipe*, 414 U.S. at 562 (Blackmun, J., conc.), "[t]he statute of limitations . . . [is] tolled under *American Pipe* as to those claims." *Id.* Here, it is indisputable that *Leyse I* put Lifetime on notice of the claims in the present action. In short, Justice Powell's quotation supports, rather than undermines, McCabe's assertion of the claims in this case.

As McCabe explained, the reasoning of those courts that have applied *American Pipe* tolling to class actions was that such tolling furthered the purposes of Rule 23 in cases in which class certification was denied but where the putative class was not inherently defective. *See* Pl. Opp. Mem.

at 38-46. Nothing in the case law suggests that the only instance in which this could occur is where the lead plaintiff is found deficient. Indeed, Lifetime offers no rationale as to why that should be the case, instead stating, without supportive argument, that "[o]n the merits, Plaintiff does not provide a glimmer of a 'reasonable argument to extend, modify or reverse the law as it stands' under Giovanniello." Def. Reply Sanctions Mem. at 5 (citation omitted). As McCabe previously set forth, the Second Circuit, in *Leyse I*, found that the plaintiff had not sufficiently shown that the putative class members could be ascertained; however, far from suggesting that the putative class was simply defective, the court suggested that the opposite was likely possible. *See* Pl. Opp. Mem. at 42-43. Other than Lifetime's desire to avoid class certification, Lifetime offers no explanation as to why McCabe, or the putative class members, should be stymied as a result of a failure by Leyse, not a failure endemic in the putative class.

Lifetime contends that "Plaintiff argues that 'the rationale' of the Supreme Court's decisions in *American Pipe* and *Crown, Cork* supports his view on when tolling should end," Def. Reply Dismissal Mem. at 5, citing Pl. Opp. Mem. at 20, and adds that McCabe "then exhaustively digests out-of-circuit (and state court) cases that provide a further 'rationale' for that principle." *Id.*, citing Pl. Opp. Mem. at 23-36. In a footnote thereto, Lifetime claims that "[m]any of these cases are plainly inapposite—for example, in several cases, the lower court initially *granted* the motion for class certification." *Id.* at 5, n.4. However, even aside from the fact that Lifetime does not even suggest that McCabe misdescribed any such cases, Lifetime cites only three cases as constituting the "many" to which it referred. Moreover, Lifetime offers no arguments against the various cases that even more strongly favor McCabe's position.

Lifetime also claims: "[McCabe's] discussion of the relevant authority is also highly misleading. For example, he insists that the *Giovanniello* decision was supported by only three of the

eight circuit court decisions that the Second Circuit relied on (as if that would meaningfully cast doubt on the viability of the court's holding)." Def. Sanctions Reply Mem. at 5-6, citing Pl. Opp. Mem. at 7-8. Liftime then adds that, "[b]ut, as discussed in Lifetime's Reply in further support of its motion to dismiss, an examination of these cases reveals Plaintiff's argument to be utterly meritless." *Id.* at 6, citing Def. Dismissal Reply at 4-5 & n.3. Incredibly, Lifetime does not even offer any support for this assertion, and, indeed, itself recognizes the distinctions that McCabe had pointed out. *See* Def. Dismissal Reply at 4-5 & n.3; *cf.* Pl. Opp. Mem. at 7-8.

Lifetime contends that McCabe's describing of *United Airlines, Inc. v. McDonald*, 432 U.S. 385 (1977), as having held that "'the cessation of the *American Pipe* tolling period did not occur when the district court denied class certification, but, rather, continued until that court entered a final judgment.'" Def. Reply Dismissal Mem. at 5, quoting Pl. Opp. Mem. at 9, "is an egregious mischaracterization of *McDonald*, and numerous cases have rejected Plaintiff's reading of the decision, including, notably, two of the 'sister circuit' decisions the Second Circuit relied on in *Giovanniello*." *Id.* First, McCabe's lengthy discussion of *McDonald* was entirely forthright. *See* Pl. Opp. Mem. at 9-17.

Second, as with much else over which Lifetime takes issue, McCabe relied on *McDonald* for its reasoning, arguing that such reasoning supports McCabe's view of *American Pipe* tolling. The only "egregious mischaracterization" concerning *McDonald* is Lifetime's feigned reading of McCabe's discussion of that case as somehow being anything other than what it was, *i.e*, a detailed explanation of why *McDonald* supports McCabe's position. Lifetime is, of course, free to try to convince the Court that McCabe's arguments regarding *McDonald* are somehow flawed; but Lifetime's claim that McCabe, in making those arguments, engaged in an "egregious mischaracterization" of *McDonald* is simply fabricated.

**E.**     **Defendant Does Not Explain Why it Made So Many False, Misleading, and Irrelevant Representations Regarding the Commencement of the Present Case**

Lifetime brazenly turns its admission to having engaged in "merely speculating" as to why McCabe brought this action when he did, Def. Sanctions Reply Mem. at 6-7, and adds: "[b]ut Plaintiff notably does not actually refute this speculation or state anywhere (in the Complaint or in his briefing) whether Plaintiff even remembers having received the phone call, let alone why he happened to pick this moment." *Id.* at 7. However, Lifetime's unstated suggestion, *i.e.*, that McCabe and/or his counsel engaged in some kind of impropriety in commencing this action when they did, is unwarranted and is, in any event, not a proper subject for a dismissal motion. Indeed, the merits (or lack thereof) of Lifetime's dismissal motion are unrelated to Lifetime's innuendo. Of course, one might wonder why Lifetime thought its admitted speculation was relevant in the first place.

Lifetime asserts that "[o]ne of the most telling statements in Plaintiff's Opposition is when [sic] he points out that it was 'not even arguably improper' for Mr. Bank to have waited until three days before the statute of limitations period ran to file the complaint in *Leyse I*." Def. Sanctions Reply Mem. at 7, quoting Pl. Opp. Mem. at 50. Lifetime then states: "[Lifetime] never asserted otherwise. Clearly, a litigant can file a lawsuit any time up until the limitations actually expires. But, as a practical matter, waiting until the last moment runs the risk that evidence that might have been preserved had the complaint (or even a claim letter or litigation[-]hold notice) been served earlier could be discarded by third parties in the ordinary course of business," *id.*, and that "[i]t also means that when the district court denies a motion for class certification, other members of the putative class have an incredibly small window remaining in which to file lawsuits of their own." *Id.* However, Lifetime does not explain why any of these observations has any bearing on the legal issues before this Court, *i.e.*, why, for example, those issues might be resolved differently if *Leyse I* had been filed a year before the expiration of the limitations period.

**F.      Defendant's Bald Representations Regarding a Court Conference in a Prior Action Offer No Details to Support its Counsel's Purported Recollection**

Lifetime states that "Mr. Bank wants to use this lawsuit as a 'do-over,' though he *still* fails to articulate a viable means to actually ascertain the class (despite knowing that this would be necessary from the first status conference four years ago in *Leyse I*)." Def. Sanctions Reply Mem. at 7. Even aside from the fact that the potential of this action to be certified is markedly premature, it is curious that Lifetime does not state what happened during that status conference. Indeed, at least twice during court conferences in *Leyse I* (to be sure, the undersigned cannot recall whether one of these was the initial status conference), Judge Hellerstein stated that Lifetime should not expect to defeat certification if, as it turned out to be the case, the list of telephone numbers that were called could not be obtained (Judge Hellerstein might have taken a different view in light of *Brecher v. Republic of Argentina*, 806 F.3d 22 (2d Cir. 2015), which was issued six days before the District Court issues its class-certification denial. *See Leyse v. Lifetime Entertainment Servs., LLC*, No. 13-cv-5794, 2015 WL 5837897, *3, *5 (S.D.N.Y. Sept. 22, 2015). Although the undersigned does not believe that a record was made of any of these conferences, Lifetime's counsel should provide its recollection of the initial status conference instead of simply making a bald (and, to the best of the undersigned's recollection, false) statement with no details that might enable the Court to determine its credibility, much less its veracity.

## CONCLUSION

Lifetime contends that "Plaintiff's motion for sanctions is itself frivolous." Def. Sanctions Opp. Mem. at 5. However, nowhere does Lifetime offer any reasons to support this contention. Indeed, it is indisputable that Lifetime has made numerous false, misleading, unfounded, and irrelevant assertions to this Court. Accordingly, Plaintiff respectfully maintains his request that this Court impose sanctions upon Defendant's counsel and grant Plaintiff any appropriate relief that is authorized by law.

Dated: September 22, 2017

                                                  s/ *Todd C. Bank*                            
                                            TODD C. BANK,
                                              ATTORNEY AT LAW, P.C.
                                            119-40 Union Turnpike
                                            Fourth Floor
                                            Kew Gardens, New York 11415
                                            (718) 520-7125
                                            By: Todd C. Bank

                                            *Counsel to Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2017, a true and accurate copy of the foregoing document is being filed electronically via the Court's electronic-case-filing (ECF) system. Notice of this filing will be sent to all parties by operation of the Court's ECF system and copies will be mailed to those parties, if any, who are not served via the Court's ECF system.

Dated: September 22, 2017

*s/ Todd C. Bank*
Todd C. Bank