Case 1:17-cv-00908-ERK-SJB   Document 38   Filed 03/28/19   Page 1 of 5 PageID #: 884


18-1149
McCabe v. Lifetime Entm't Servs., LLC

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION SUMMARY ORDER). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of January, two thousand nineteen.

Present:
        ROSEMARY S. POOLER,
        REENA RAGGI,
        DEBRA ANN LIVINGSTON,
            *Circuit Judges.*
_____

KEVIN MCCABE,

        *Plaintiff-Appellant*,

TODD C. BANK,

        *Appellant*,

    v.                                                  18-1149

LIFETIME ENTERTAINMENT SERVICES, LLC,

        *Defendant-Appellee*.
_____

| | |
|---|---|
| Appearing for Appellants: | Todd C. Bank, Kew Gardens, N.Y. |
| Appearing for Appellee: | Sharon L. Schneier, Davis Wright Tremaine LLP (Eric J. Feder, *on the brief*), New York, N.Y. |

MANDATE ISSUED ON 03/27/2019

Appeal from a judgment of the United States District Court for the Eastern District of New York (Korman, *J.*; Bulsara, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant Kevin McCabe and Appellant Todd Bank appeal from the March 26, 2018 order of the United States District Court for the Eastern District of New York (Korman, *J.*), adopting in full the report and recommendation of Magistrate Judge Sanket J. Bulsara, which granted the motions of Lifetime Entertainment Services, LLC ("Lifetime") to dismiss the putative class action suit alleging Telephone Consumer Protection Act ("TCPA") violations and sanction Bank for filing a time-barred claim. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On August 16, 2013, Bank filed a putative class in the Southern District of New York alleging that in August 2009, Lifetime violated the TCPA by calling Time Warner Cable subscribers in New York with a prerecorded advertisement. On September 22, 2015, the Southern District of New York (Hellerstein, *J.*) denied class certification, finding that the proposed class was not ascertainable. *Leyse v. Lifetime Entm't Servs., LLC*, No. 13 Civ. 5794 (AKH), 2015 WL 5837897, at *5 (S.D.N.Y. Sept. 22, 2015) ("*Leyse I*"). We affirmed the denial on February 15, 2017. *See Leyse v. Lifetime Entm't Servs. LLC*, 659 F. App'x 44 (2d Cir. 2017).

One day after this Court's decision in *Leyse I*, Bank filed two putative class action suits— one brought in the Southern District of New York and one in the Eastern District of New York— that made nearly identical allegations that Lifetime violated the TCPA in August 2009 by calling Time Warner Cable subscribers in New York. McCabe (represented by Bank) brought the individual and class action claims at issue here in the Eastern District of New York.[1] Lifetime thereafter moved to dismiss the Eastern District complaint under Federal Rule of Civil Procedure 12(b)(6) as time barred and sought sanctions against Bank under Rule 11. Bank cross-moved for sanctions against Lifetime's counsel for bringing a frivolous sanctions motion. The magistrate judge recommended granting both of Lifetime's motions and denying Bank's. The district court adopted the recommendation, dismissed the complaint, and sanctioned Bank for knowingly filing a time-barred complaint. McCabe appealed, and Bank was later added as a pro se appellant to challenge the sanctions order against him.

## I. Tolling

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and

---

[1] At the encouragement of the district court, Bank voluntarily dismissed *Leyse v. Lifetime Entertainment Services, LLC* ("*Leyse II*"), No. 17-cv-1212, less than two months after filing the action.

drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

The district court properly dismissed McCabe's claims as time barred. The parties agree that claims under the TCPA are subject to a four-year statute of limitations. *Giovanniello v. ALM Media, LLC*, 726 F.3d 106, 107 (2d Cir. 2013) (applying generic federal statute of limitations in 28 U.S.C. § 1658 to claims brought under the TCPA). McCabe's TCPA claim accrued on August 20, 2009, and therefore, he had until August 20, 2013, to timely file a complaint. The parties disagree, however, as to how long the *Leyse I* action tolled the four-year statute of limitations. McCabe argues that under the Supreme Court's decision in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), the statute of limitations was tolled for the period between when *Leyse I* was filed (August 16, 2013) and when the Second Circuit affirmed the denial of class certification (February 15, 2017). Lifetime contends that pursuant to this Court's interpretation of *American Pipe* in *Giovanniello*, tolling ceased when the district court denied class certification on *Leyse I*. Applying *Giovanniello*, we affirm.

In *American Pipe*, the Supreme Court considered whether class-action proceedings toll the statute of limitations period when a class action ultimately is not certified. *Am. Pipe*, 414 U.S. at 552-53. The Supreme Court held "that the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Id.* at 554. In *Giovanniello*, we held that *American Pipe* permits tolling only until a district court denies class certification. 726 F.3d at 116. We found this rule appropriate because members of a putative class can "rely on the existence of the putative class action suit to protect their rights." *Id.* at 117 (alterations omitted) (internal quotation marks omitted). Neither a motion for reconsideration nor an appeal from a denial of class certification continues tolling because class members can no longer reasonably rely on the named plaintiffs to represent their interests once the district court denies certification. *Id.* at 116-18. We apply this "bright-line rule" because *American Pipe* tolling is an exception to the statute of limitations and invites abuse. *Id.* at 119.

Under *American Pipe* tolling rules, when the *Leyse I* complaint was filed on August 16, 2013, four days short of the limitations period, the prospective class action tolled the statute of limitations for McCabe's claim because McCabe was a potential class member. However, when the Southern District denied class certification on September 12, 2015, the statute of limitations began to run again. Thus, McCabe had four days thereafter to bring his individual claims. But McCabe waited until February 2017—over a year after the denial of class certification—to bring his complaint. His claims were therefore untimely.

McCabe principally argues that *Giovanniello* was wrongly decided. We do not address the argument because we are bound to follow *Giovanniello*. "It is a longstanding rule of our Circuit that a three-judge panel is bound by a prior panel's decision until it is overruled either by this Court sitting *en banc* or by the Supreme Court." *Doscher v. Sea Port Grp. Secs., LLC*, 832 F.3d 372, 378 (2d Cir. 2016). McCabe does not offer any argument that warrants reconsideration of

3

*Giovanniello*, nor does he identify any intervening Supreme Court decision that casts doubt on the reasoning therein.

The district court therefore properly dismissed McCabe's TCPA claims as untimely. Because McCabe's individual claims were time barred, the district court also properly dismissed the class claims as moot. *See Comer v. Cisneros*, 37 F.3d 775, 798 (2d Cir. 1994) ("[I]n general, if the claims of the named plaintiffs become moot prior to class certification, the entire action becomes moot.").

## II.   Sanctions

The denial of a motion for sanctions under Rule 11 is reviewed for abuse of discretion. *Perez v. Posse Comitatus*, 373 F.3d 321, 326 (2d Cir. 2004). "A pleading, motion or other paper violates Rule 11 either when it has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." *Kropelnicki v. Siegel*, 290 F.3d 118, 131 (2d Cir. 2002) (emphasis omitted) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 11(b)(2) (by presenting a paper to the court that argues the law should be changed, an attorney certifies, inter alia, that "the claims, defenses, and other legal contentions are warranted . . . by a nonfrivolous argument for . . . reversing existing law"). Rule 11 requires that the conduct in question be objectively unreasonable and therefore does not require a finding of subjective bad faith. *See Muhammad v. Walmart Stores E., L.P.*, 732 F.3d 104, 108 (2d Cir. 2013) (noting that sanctions issued pursuant to a motion require that an attorney's conduct be "objectively unreasonable").

### A. Sanctions Against Bank

The district court did not abuse its discretion by sanctioning Bank. As discussed above, *Giovanniello* explicitly foreclosed Bank's argument that *American Pipe* tolling continued through appeal, *Giovanniello*, 726 F.3d at 107, and none of the arguments Bank made before the district court were objectively "good faith argument[s] for the extension, modification or reversal of existing law." *Kropelnicki*, 290 F.3d at 131 (internal quotation marks omitted).

The arguments Bank presented to the district court were frivolous, and his arguments have been consistently rejected by this Court and by other circuits. *See Giovanniello*, 726 F.3d at 107 (rejecting Bank's arguments that *American Pipe* tolling continues through appeal); *see also, e.g.*, *Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1382-83 (11th Cir. 1998) (concluding that *American Pipe* tolling does not extend to appeals). Bank's post-argument briefing, which we have considered, reiterates these points. Bank did not point to any judicial or scholarly criticism of *Giovanniello*, failed to assert that the Second Circuit had previously overlooked an argument, and cited only outdated and abrogated cases or cases that had no bearing on the issues to support his argument. *Cf. Gilmore v. Shearson/Am. Exp. Inc.*, 811 F.2d 108, 110-12 (2d Cir. 1987) (declining to sanction attorney for arguing that precedent should be overturned where attorney raised new

4

arguments and precedent was "severely criticized" by multiple courts of appeals), *overruled on other grounds by Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271 (1988).

Bank contends that his citations to older or abrogated cases provided persuasive authority that sufficed to justify his arguments as not frivolous. Where, as here, the law of this Circuit is clearly contrary to a litigant's arguments, such cases cannot constitute a good-faith argument that existing law should be reversed. *See Gurary v. Winehouse*, 235 F.3d 792, 798 (2d Cir. 2000) ("Rule 11 is violated when it is clear *under existing precedents* that there is no chance of success . . . ." (emphasis added) (internal quotation marks omitted)); *see also Four Keys Leasing & Maint. Corp. v. Simithis*, 849 F.2d 770, 774 (2d Cir. 1988) (applying objective standard prior to 1993 amendment and concluding that "[a] competent attorney, after reasonable inquiry into the applicable law and the facts and procedural history of this case[,] would have known that there was no justification whatever" for the petition and thus the "petition could not have been filed in good faith").

Given that McCabe's complaint and opposition to the motion to dismiss were frivolous, the district court did not abuse his discretion by sanctioning Bank.

**B. Sanctions Against Lifetime's Counsel**

McCabe argues that the district court abused its discretion by denying his motion for sanctions against Lifetime's counsel. But because Lifetime's motion was meritorious, Lifetime's motion was not frivolous and did not warrant sanctions under Rule 11 or 28 U.S.C. § 1927. *See Kropelnicki*, 290 F.3d at 131 (finding that when "it is not completely inconceivable that a legal theory" could have supported a litigant's claims, sanctions were not appropriate); *In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 115 (2d Cir. 2000) (sanctions under Section 1927 are warranted only when an "attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose" (internal quotation marks omitted)).

We have considered the remainder of McCabe's and Bank's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit